**FILED**
**U.S. District Court**
**District of Kansas**
05/18/2026

**Clerk, U.S. District Court**
**By:** _SND_ **Deputy Clerk**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JESSE JOSEPH AICH,

      **Plaintiff,**

      v.                            **CASE NO. 26-3088-JWL**

STATE OF KANSAS, et al.,

      **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil action.  Plaintiff is in custody at the Reno County Correctional Facility in Hutchinson, Kansas.  Plaintiff claims that he is bringing this action under "899 Administrative Procedure Act/Review or Appeal of Agency Decision by Jury Trial." (Doc. 1, at 1.)  Plaintiff names the State of Kansas and the 27th Judicial District as defendants. Plaintiff's one-page Complaint merely references his attached writ filed in state court, claiming it contains the issues he is bringing in this action.  *Id*.  Plaintiff attaches documents filed in Reno County District Court titled "Legal Malpractice by Jury Trial."  (Doc. 1–1.)

On April 15, 2026, the Court entered a Memorandum and Order (Doc. 5) ("M&O") denying Plaintiff's motion for leave to proceed in forma pauperis, finding that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g).  The Court examined the Complaint and attachments and found no showing of imminent danger of serious physical injury.  The Court granted Plaintiff until May 15, 2026, to submit the $405.00 filing fee.  The Court's M&O provides that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice."  *Id*. at 3.

Plaintiff has failed to pay the filing fee by the Court's deadline.  Instead, Plaintiff has filed two responses to the M&O.  (Docs. 6, 7.)  In his first response, he argues that he is not permitted

to file pro se motions in his state criminal case because he is represented by counsel, that detainees are not allowed to seal their outgoing mail, and that deputies are allowed to pass out medications. *See* Doc. 6.  He also argues that filing fees are already allocated and set aside by the government and to charge him again for the fees constitutes double jeopardy.  *Id*. at 3.

In his second response, he states that the same arguments he made in Case No. 26-3072 apply regarding the filing fee, that the fees are already taken care of by the government, that he has a First Amendment right to redress grievances, and that the laws cited by the Court are mere presumptions and therefore the caselaw is mere opinions.  (Doc. 7, at 1.)  In Case No. 26-3072, Plaintiff argued that the filing fee is somehow taken care of through the Court's yearly budget and that requiring him to pay his filing fee constitutes double jeopardy.  *See Aich v. Kansas*, Case No. 26-3072-JWL, Doc. 5 (D. Kan.).  The Court found in that case that:

> The Court cited the statutory authority for requiring Plaintiff to submit the filing fee—28 U.S.C. § 1915(g). The Tenth Circuit "has already upheld the constitutionality of 1915(g) against due process, equal protection, and access to the courts challenges." *Burghart v. Corr. Corp. of Am.*, 350 F. App'x 278, 279 (10th Cir. 2009) (unpublished) (citing *White v. Colo.*, 157 F.3d 1226, 1232–35 (10th Cir. 1998)); *see also Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001) (finding that the court in *White* held that ifp status in a civil case is not a fundamental right and that § 1915(g) "is rationally related to the legitimate end of deterring frivolous and malicious prisoner lawsuits") (quoting *White*, 157 F.2d at 1233–34).

*Id*. at Doc. 9, at 2.  The Court rejects the arguments in this case for the same reasons they were rejected in Case No. 26-3072.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'"  *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).  "This rule has been interpreted as

permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated May 18, 2026, in Kansas City, Kansas.**


**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

3